**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

GEORGE GUTHRIE,
ADC #163208                                                                                    PLAINTIFF

v.                                          4:16CV00611-SWW-JTK

KING, et al.                                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

**I.     Introduction**

Plaintiff George Guthrie is a state inmate confined at the North Central Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against seven named Defendants, but did not include specific allegations of constitutional violations by any of the individuals. (Doc. No. 2.) By Order dated August 30, 3016 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit and provided him the opportunity to amend his Complaint. Plaintiff has now filed an Amended Complaint (Doc. No. 5).

Having reviewed Plaintiff's Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

**II.    Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

or © seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Facts and Analysis**

In his Amended Complaint, Plaintiff alleges that all seven Defendants were aware of the roof leaking in the food preparation and service area of the kitchen of the Wrightsville Unit, between July 15, 2016, and August 16, 2016 (Doc. No. 5, pp. 1-2). He further states that after Defendants were made aware of rust-colored water dripping from the ceiling onto the inmates' food trays, the inmates were served food in the gymnasium for about a week while the roof was fixed. (Id., p. 2) However, after the inmates were moved back to the kitchen area, it rained and the roof leaked again on their food trays. (Id.) He claims Defendants knowingly and willingly placed him and the other inmates in unsanitary conditions, and asks for monetary and injunctive relief. (Id., p. 3)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some

Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In order to support an Eighth Amendment claim for relief, Plaintiff must allege that Defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to plaintiff's health and safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994). In addition, the deprivation of adequate food constitutes cruel and unusual punishment in violation of the Eight Amendment if it denies an inmate the "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

In Ware v. Arnold, this Court held that an inmate who alleged that on one occasion he received a meal with a hair in it, failed to state a claim upon which relief was granted, because he did not allege the denial of minimal civilized measures of life's necessities. No. 3:10-cv-00070-DPM-JTK, 2010 WL 2867855 (E.D.Ark.). In Wilkins v. Roper, the court held that an inmate's allegation that he was denied a food tray for one meal failed to state a claim. 843 F.Supp. 1327, 1328 (E.D.Mo. 1994). Finally, in James v. Woody, the Court held that an inmate who complained about receiving sour milk with one meal failed to state a constitutional claim. No. 7:02-CV-234-R, 2002 WL 32359944 (N.D.Tex.)

In this case, however, Plaintiff's allegation that a leaky roof caused rusty water to drip on his food trays on several occasions during the course of a month (minus one week in the gymnasium) does not "objectively rise to the level of a constitutional violation ... by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'.... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. at 342, and Estelle v. Gamble, 429 U.S. 97, 104 (1977)). "To be cruel and unusual

punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." Wilson v. Seiter, 501 U.S. 294, 298-9 (1991) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.)) "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Martin, supra *4 (quoting Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994)). In this case, Plaintiff also does not allege any specific harm which resulted from the water dripping on the food trays.

Based on this case law, the Court finds that Plaintiff's allegations against Defendants should be dismissed, for failure to state an Eighth Amendment claim for relief.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.    This dismissal constitute a "strike" within the meaning of the PLRA.[1]

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

      3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

      IT IS SO RECOMMENDED this 18th day of October, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE